IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSEPH CASEY MCGHEE BEY,            )
                                     )
       Plaintiff,              )
                                     )
       v.                      )      1:13CV183
                                     )
UNITED STATES OF AMERICA, et al.,   )
                                     )
       Defendant(s).           )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a "Complaint" against the United States of America, the United States Congress, The United States Supreme Court, and the "Person County Court." Plaintiff alleges that he is a "Proclaimed Registered Freeborn Indigenous Moorish American and a lawful Citizen of the Constitutional Moorish American Government." (Docket Entry 2 at 2.) He states that he is challenging "the Jurisdiction of the Person County Court over the Black label applied to the Moorish Person" as well as "the Person County Court Registered Deed of Ownership certified by the State of North Carolina."[1] (Id. at 1.) He contends that the remaining Defendants have various duties. He then cites the United States Constitution and other sources of law before concluding that he has been "Denationalized" by "the Person County Court." (Id. at 4.) He seeks "monetary reparations in the amount of 777 million Euros," recognition of his "free National Name and Status with his Moorish Government in Proper Person," and the right to

---

[1] Plaintiff submits as an exhibit what purports to be that "Registered Deed of Ownership." (Docket Entry 3.) It is actually his birth certificate. It reflects the date, location, and time of his birth, as well as his name and the names of his parents. In no way does it signify "ownership" of anyone or anything.

"reside unmolested upon our American Soil in secured lodging and conducting International Trade." (Id. at 4-5.) Given that Plaintiff is alleging a right to proceed under the United States Constitution, it appears that his Complaint is one under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), or possibly 42 U.S.C. § 1983. Either way, the form of the Complaint is such that serious flaws make it impossible to further process this Complaint. The problems are:

1. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. *See* LR 7.1(f).

2. Filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Plaintiff submitted an application, but it did not contain the information required by this Court.

3. Plaintiff has not named proper defendants or given sufficient addresses for them to be served. Plaintiff must name the entities who are actually responsible for the alleged violations of his constitutional rights. This must include the individual(s) who acted or failed to act.

4. Plaintiff's claims are barely comprehensible. To the extent they can be deciphered, they are similar to claims previously raised in, and rejected by, this Court. Those claims were brought by persons who describe themselves as "Moors," or who are adherents to the Moorish Science Temple or similar groups. Plaintiff should be aware that, if he chooses to file a complaint in the proper format, he must state cognizable and nonfrivolous claims for relief.

5. As for relief and damages, none of the relief described above appears to be forms of relief that can be awarded by the Court. Plaintiff must seek proper relief if he files a new complaint.

Consequently, this particular complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms (these can also be used in filing and action under Bivens), which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in*

*forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 13th day of March, 2013.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**